# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**TERRENCE TERRELL PARKER,**

    **Plaintiff,**

**vs.**                               **Case No. 4:20cv41-MW-CAS**

**STATE OF FLORIDA, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This case was initiated on January 27, 2020, when the pro se Plaintiff filed a complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Because Plaintiff's motion was insufficient as filed, Plaintiff was provided another in forma pauperis application packet and required to file an amended motion by **March 2, 2020**. ECF No. 4. The Order explained that Plaintiff must answer all questions on the form concerning his prior employment and clarify his financial abilities. *Id.*

In addition, as a courtesy to Plaintiff, his complaint, ECF No. 1, was also reviewed. Because the complaint was insufficient to state a claim, Plaintiff was also required to file an amended complaint by the same

deadline.  ECF No. 4.  The Order explained the deficiencies with the original complaint and gave Plaintiff an opportunity to submit a viable complaint.  Furthermore, Plaintiff was warned that a recommendation would be made to dismiss this case if he did not comply by the deadline provided.  As of this date, Plaintiff has not complied with either requirement.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not

Page 3 of 3

comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 13, 2020.

     S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**